# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ABIGAIL L. PADILLA,<br>              Appellant, | DOCKET NUMBER<br>DE-0752-15-0483-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>              Agency. | DATE: February 8, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Abigail L. Padilla, Denver, Colorado, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal without prejudice subject to automatic refiling within 120 days.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2     The appellant filed an initial appeal with the Board on July 10, 2015, challenging her removal and raising various affirmative defenses, including whistleblower reprisal under 5 U.S.C. § 2302(b)(8) and reprisal for engaging in protected activity under several subsections of 5 U.S.C. § 2302(b)(9).  Initial Appeal File (IAF), Tab 1.  The record below reflects that the agency issued the appellant a notice of proposed removal on March 27, 2015, and that it issued her a decision letter on June 18, 2015, which imposed her removal effective June 26, 2015.  IAF, Tab 22 at 34-39, 54-60.  After filing her initial appeal, the appellant submitted a series of documents, one of which appears to be part of an Office of Special Counsel (OSC) complaint referencing her removal.[2]  IAF, Tab 4 at 29-35.

¶3     The agency moved to dismiss the appeal for lack of jurisdiction.  IAF Tab 22 at 23.  In its motion to dismiss, the agency argued that the appellant filed a complaint of whistleblower reprisal with OSC on June 11, 2015, and thus made an election to challenge her removal with OSC under 5 U.S.C. § 7121(g).  *See id*. at 23-24 (citing IAF, Tab 4 at 37).  The agency further argued that because 120 days had not passed since the appellant filed her complaint with OSC, the appellant's appeal was premature, and the Board therefore lacked jurisdiction over the appeal as an individual right of action (IRA) appeal under 5 U.S.C. § 1221.  *Id*.  The administrative judge issued an order to show cause outlining the appellant's burden of establishing the Board's jurisdiction over her appeal, and in response, the appellant submitted various documents seeking both consequential damages and an accommodation from the Board enabling her to litigate her appeal, and she also provided a narrative of some of her OSC complaints.  IAF, Tabs 33-35.

---

[2] Although this document bears a date of July 13, 2015, in the lower right-hand corner, we are uncertain if this date refers to when the document was created, last accessed, or printed.  IAF, Tab 4 at 29-35.  The document, moreover, is missing the first few pages that would contain information relevant to when it was first created.  Neither the agency nor the administrative judge cited to or discussed this document.

¶4          The administrative judge issued an initial decision dismissing the appeal without prejudice subject to automatic refiling within 120 days of the date of the initial decision.  IAF, Tab 36, Initial Decision (ID).  In his initial decision, the administrative judge agreed with the agency that the appellant submitted complaints to OSC prior to filing her Board appeal, and that, because 120 days had not elapsed since the filing of her complaints, her appeal was premature.  ID at 6.  The appellant has filed a petition for review suggesting that she did not challenge her removal in any of her complaints to OSC and that the administrative judge incorrectly stated the date on which she filed her appeal with the Board.  Petition for Review (PFR) File, Tab 1 at 7-8.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.[3]

¶5          The Board has held that a dismissal without prejudice to refiling is a procedural option that is left to the sound discretion of the administrative judge. *See Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001).  The administrative judge based his dismissal of the appeal without prejudice upon finding that the appellant had filed a complaint with OSC prior to filing her Board appeal and that she had not yet exhausted her administrative remedies with OSC. ID at 6.  As explained below, we disagree with the administrative judge insofar as he found that the appellant's June 11, 2015 complaint to OSC encompassed her removal.  Although we are unable to determine whether the appellant challenged her removal in any of her other complaints to OSC prior to filing her appeal with the Board, and thus we make no finding whether the appellant has made an

---

[3] On December 6, 2015, January 6, 2016 and January 27, 2016, the appellant submitted four pleadings.  PFR File, Tabs 12-15.  Because the record in this matter had already closed upon the expiration of the period for filing the reply to the response to the petition for review, *see* 5 C.F.R. § 1201.114(k), and because the appellant did not comply with the Board's regulation that required her to file a motion and obtain leave to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered these pleadings on review.  However, the administrative judge should consider the appellant's additional pleadings on remand.

election of remedies under 5 U.S.C. § 7121(g) concerning her removal, we disagree that dismissal without prejudice to refiling was appropriate.

¶6      An employee who has been subjected to an action appealable to the Board and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. § 1211-1222.    *See* 5 U.S.C. § 7121(g); *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  Whichever remedy is sought first by an aggrieved employee is deemed to be an election of that procedure and precludes pursuing the matter in either of the other two forums. *Edwards*, 120 M.S.P.R. 307, ¶ 12.   If an employee elects to challenge an otherwise appealable action by filing a request for corrective action with OSC, an appellant must exhaust her administrative remedies with OSC before filing an IRA appeal with the Board.  *Id.*, ¶ 15.

¶7      Here, the administrative judge determined that the appellant filed a complaint with OSC on June 11, 2015, before filing her Board appeal, and that because 120 days had not elapsed since filing her complaint with OSC, and because she did not submit evidence that OSC had notified her that it was terminating its investigation into her complaint, the Board lacked jurisdiction over the appeal as a prematurely filed IRA appeal.  ID at 6.  The agency, however, did not issue a decision letter on the proposed removal until June 18, 2015, and it did not issue a Standard Form 50 (SF-50) effecting the removal until June 26, 2015.  IAF, Tab 22 at 35-36.  The Board previously has found that an OSC complaint challenging a proposed removal does not preclude an appellant from filing a separate Board appeal under chapter 75 challenging the removal action.  *See Westmoreland v. Department of Veterans Affairs*, 77 M.S.P.R. 315,

317-18 (1998); *Douglass v. Department of Transportation*, 60 M.S.P.R. 1, 4-5 (1993).  In *Douglass*, the Board explained that it does not have jurisdiction over a proposed removal under chapter 75, and it found that the administrative judge mistakenly dismissed a removal appeal pending the appellant administratively exhausting her complaint challenging her proposed removal with OSC.  *See Douglass*, 60 M.S.P.R. at 4-5.

¶8        Under *Douglass*, therefore, the appellant could not have elected to challenge her removal with OSC in her June 11, 2015 complaint, and we find there was no legal basis for the administrative judge to dismiss the appellant's appeal without prejudice based on her June 11, 2015 filing with OSC.  *See id*.  We thus grant the appellant's petition for review and vacate the initial decision.  We remand the appeal to the administrative judge for consideration of the following outstanding issues that bear upon the Board's jurisdiction over the appellant's case as either an IRA appeal or an otherwise appealable action under chapter 75.

¶9        The appellant has submitted documentation on petition for review reflecting that she filed five separate complaints with OSC.[4]  PFR File, Tab 2 at 11.  Three of these complaints predate both the agency's decision letter and the effective date of the appellant's removal, and one of these complaints postdates the filing date of her Board appeal.[5]  *Id*.  The appellant, therefore, could not have elected to challenge her removal in any of these OSC complaints because they either predate her removal or postdate the instant Board appeal.  *See* 5 U.S.C. § 7121(g); *Douglass*, 60 M.S.P.R. at 4-5.

---

[4] Although the appellant submitted numerous documents to the administrative judge, we have not found a copy of this summary in any of her submissions.

[5] We agree with the appellant that the agency and the administrative judge mistakenly stated that she filed her initial appeal with the Board on June 10, 2015.  ID at 2.  The appellant filed her initial appeal via the Board's e-Appeal system on July 10, 2015, after the effective date of her removal.  IAF, Tab 1.

¶10      The appellant, however, appears to have filed a complaint with OSC on June 23, 2015, which is in between the date of the agency's decision letter and the date of the SF-50 effecting her removal.  PFR File, Tab 2 at 11; IAF, Tab 22 at 34-39.  The appellant has provided no specific information about the nature of this complaint or the alleged acts of reprisal identified therein.  Additionally, there is some evidence in the documents the appellant submitted to the administrative judge that may reflect that she challenged her removal in one of her OSC complaints.[6]  IAF, Tab 4 at 29.  It thus remains possible that the appellant challenged her removal in an OSC complaint before she filed her Board appeal on July 10, 2015.  Based on the current record, however, we cannot make this determination.

¶11      On remand, the administrative judge should ascertain the nature of the appellant's June 23, 2015 OSC complaint, as well as the filing date of the OSC complaint referencing her removal.  PFR File, Tab 2 at 11; IAF, Tab 4 at 29.  If the appellant challenged her removal in an OSC complaint either as an act of whistleblower reprisal or as an act of reprisal for engaging in protected activity under 5 U.S.C. § 2302(b)(8)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D) before she filed her appeal with the Board on July 10, 2015, then she would have made an election to pursue her remedies with OSC under 5 U.S.C. § 7121(g), and her challenge to her removal should be adjudicated under the Board's procedures governing IRA appeals once she administratively exhausts her complaint with OSC.  *See, e.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 9-10 (2014).  Alternatively, if the appellant did not challenge her removal in an OSC complaint that predates July 10, 2015, then the administrative judge should adjudicate her removal appeal under chapter 75, and he should adjudicate

---

[6] Again, this document is undated, and we are unable to determine whether the appellant filed this document with OSC, and whether she did so before or after filing her Board appeal on July 10, 2015.  Neither the agency nor the administrative judge addressed this document insofar as it bears on the nature of the Board's jurisdiction over the appellant's removal.

any and all affirmative defenses she has raised in response to her removal under the applicable standards. *See, e.g.*, *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015) (setting forth the standards for adjudicating a discrimination affirmative defense); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-15 (2015) (explaining the standards for adjudicating affirmative defenses of reprisal under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), and (b)(9)(D)).

## **ORDER**

¶12      For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this remand order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.